**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory Louis JONES, Defendant–Appellant.**

**No. 93–8467.**

United States Court of Appeals, Eleventh Circuit.

Feb. 6, 1996.

---

Paul S. Kish, Federal Defender Program, Inc., Atlanta, GA, for appellant.

Joe D. Whitley, United States Attorney, Michael J. O'Leary, Amy Levin Weil, Asst. U.S. Attys., Atlanta, GA, for appellee.

Before BIRCH and CARNES, Circuit Judges, and BLACKBURN *, District Judge.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

The Supreme Court has vacated our prior judgment in this case, *United States v. Jones*, 28 F.3d 1574 (11th Cir.1994), and remanded the case to us for further consideration in light of *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

In upholding Jones' conviction for using or carrying a firearm during and in relation to the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), we applied the pre-*Bailey* law of this Circuit that the presence of a weapon in a location near a significant quantity of illegal drugs is sufficient to submit to the jury the issue of whether the defendant used that firearm in connection with a drug trafficking crime. *Id.* at 1577–79. The Supreme Court has now held that a defendant cannot be convicted under the "use" prong of § 924(c)(1) merely because a firearm is present at the scene of a drug crime. Instead, if the firearm is not "carried" there must be an active use, such as "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire." *Bailey*, —— U.S. at ——, 116 S.Ct. at 508. More specifically, the Court has rejected the proposition "that a gun placed in a closet is 'used,' because its mere presence emboldens or protects its owner." *Id.*

In light of *Bailey*, we modify our prior opinion, insofar as it concerns the § 924(c)(1) conviction, 28 F.3d at 1577–79, and hold that the evidence in this case was insufficient to support that conviction. Our affirmance of the remaining convictions stands. Accordingly, the "Conclusion" part of our prior opinion, *id.* at 1582, is modified to read as follows:

All of Jones' convictions are AFFIRMED, except his conviction for violating 18 U.S.C. § 924(c)(1). That conviction and sentence are REVERSED. All of Jones' remaining sentences are AFFIRMED, except for the sentence he received for possession of the unregistered sawed-off shotgun, which sentence is VACATED. The case is REMANDED for proceedings consistent with this opinion.

* Honorable Sharon Lovelace Blackburn, U.S. District Judge for the Northern District of Alabama, sitting by designation.